## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEEZAIDA BERMÚDEZ COLON, | |
| Plaintiff, | |
| v. | CIVIL NO.: 22-1545 (MEL) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

Pending before the court is Ms. Leezaida Bermúdez Colon's ("Plaintiff") appeal from the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 3. On October 8, 2018, Plaintiff filed an application for Social Security benefits, alleging that she initially became unable to work due to disability on March 18, 2018 (the "onset date"). Tr. 336. Prior to the onset date, Plaintiff's past relevant work was as a cashier, sales clerk, stock clerk, and janitor. Tr. 347. Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023. Tr. 338. Plaintiff's disability claim was denied initially on May 8, 2019, and upon subsequent reconsideration on January 3, 2020. Tr. 336.

Thereafter, Plaintiff requested a hearing which was held on May 13, 2021, before an Administrative Law Judge (the "ALJ").[1] Tr. 336. On July 20, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 349. Thereafter, Plaintiff requested review of

---

[1] The ALJ held a telephone hearing "due to the circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic." Tr. 336.

the ALJ's decision. *See* Tr. 1092–1094. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1. Plaintiff sought judicial review on November 18, 2022. ECF No. 3. Both parties have filed supporting memoranda. ECF Nos. 18, 21.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is conclusively

determined that plaintiff is or is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ cannot conclusively determine whether a plaintiff is or is not disabled at a given step, then the analysis will proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If she does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functioning capacity ("RFC"). *Id*. If the ALJ concludes that plaintiff's impairment or impairments do prevent her from performing her past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with her age, education, and work experience, allows her to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

**III.   THE ALJ'S DECISION**

In the ALJ's decision dated July 20, 2021, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through September 30, 2023, the date last insured. Tr. 338, 349. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the onset date of March 18, 2018, through the date last insured. Tr. 338. At step two, the ALJ determined that Plaintiff had the following severe impairments: "obesity[,] degenerative disc disease of the lumbar spine[,] asthma, fibromyalgia, major depressive disorder, and anxiety." Tr. 338. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 339. Next, the ALJ determined that during the relevant period:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. She can perform no climbing of ladders or scaffolds. [Plaintiff] should avoid concentrated exposure to pulmonary irritants. In addition, she can perform simple, routine[,] and repetitive tasks; can understand remember and carry out simple instructions[;] and can adapt to routine changes in the unskilled work setting. [Plaintiff] can occasionally interact with the public.

Tr. 342. At step four, the ALJ determined that during the relevant period, Plaintiff was not capable of performing her past relevant work as a cashier, sales clerk, stock clerk, and janitor. Tr. 347. At step five, the ALJ presented Plaintiff's RFC limitations, as well as her age, education, and work experience to a vocational expert ("VE"). Tr. 348. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: document preparer; "[f]inisher"; and "[s]tuffer, [t]oy." Tr. 348. Because there was

work in the national economy that Plaintiff could perform, the ALJ concluded that she was not disabled. Tr. 349.

IV. **LEGAL ANALYSIS**

Plaintiff advances five challenges to the ALJ's RFC assessment. Specifically, Plaintiff contends that the ALJ erred in assessing Plaintiff's carpal tunnel syndrome, asthma, right shoulder condition, ability to walk and stand, and ability to interact with coworkers and supervisors. The Commissioner responds, arguing that the ALJ's decision is supported by substantial evidence and that Plaintiff has failed to show prejudicial error warranting remand.

**A. The ALJ's assessment of Plaintiff's carpal tunnel syndrome was supported by substantial evidence.**

In formulating the RFC, Plaintiff asserts that the ALJ erred while assessing Plaintiff's carpal tunnel syndrome because the ALJ failed to include a manipulative limitation, specifically that Plaintiff was limited to occasional handling and fingering. *See* ECF No. 13, 15. When formulating a claimant's RFC, the ALJ must base his determination on all relevant evidence, including a plaintiff's medical record, the medical opinions, and a claimant's descriptions of his limitations. 20 C.F.R. §§ 404.1545, 404.1546. A plaintiff's RFC is the most she can do despite limitations from his impairments. *Id.* The claimant bears the burden of providing evidence to establish how his impairments limit his RFC. 42 U.S.C. § 423(d)(5)(A); *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001).

In this case, the ALJ determined that Plaintiff's carpal tunnel syndrome was non-severe. Tr. 339. In her decision, the ALJ further discussed Plaintiff's medical history regarding her carpal tunnel syndrome, suggesting that the evidence did not justify notable limitations:

> [A] treatment note of 2018, revealed that the electrodiagnostic studies were normal, and the claimant good wrist response to medication (Ex. 3F at 11). Moreover, on

> March 14, 2019, Dr. Yarelis Pérez, the consultant physician, reported [Plaintiff]'s allegations of recurrent hand numbness, but with good response to Lyrica and the claimant described her wrist pain as mild (Ex. 15F at 7). The description of hand function revealed bilateral mild pain and tenderness on wrists, but no hands swelling, nodes, contractures, sensory changes, deformities, atrophy, or tremors. Phalen's and Tinel's signs were positive, but [Plaintiff] was able to grip, grasp, pinch, finger tap, oppose fingers, button shirt, pick up a coin and write (Ex. 15F at 10). The hands sonographic evaluation of August 19, 2019, was suggestive of inflammatory arthritis and bilateral carpal tunnel syndrome (Ex. 22F at 1-2). Nevertheless, the physical examinations from Dr. Roberto Alvarez the treating rheumatologist and who referred [Plaintiff] for the testing, did not reveal any abnormal findings on the wrists or hands, nor any hand function limitation (Exs. 21F, 24F and 40F).

Tr. 338. The ALJ also considered the medical opinions of the state agency medical consultants at the initial and reconsideration level. Tr. 347. At both levels, the state agency medical consultants considered Plaintiff's allegations of carpal tunnel syndrome, determined that the same was non-severe, and assessed that Plaintiff did not have any manipulative limitations. Tr. 882–885, 888, 910–912, 915.[2] Thus, in light of the objective medical evidence and medical opinions finding that Plaintiff did not have any manipulative limitations, the ALJ reasonably excluded manipulative limitations from Plaintiff's RFC. Put differently, the ALJ's conclusion to exclude manipulative limitations from Plaintiff's RFC was supported by substantial evidence.

Notwithstanding, Plaintiff cites to some treatment notes from examining rheumatologist Dr. Roberto Álvarez. ECF No. 18 at 11 (citing to Tr. 1584, 1590, 1593, 1597, 1604, 1745). These notes, however, solely contain Plaintiff's subjective complaints of generalized muscle aches and, consistent with the other medical evidence, a diagnosis of carpal tunnel syndrome. Tr. 1584, 1590, 1593, 1597, 1604, 1745. Plaintiff also highlights her own testimony during the

---

[2] To the extent that Plaintiff argues that the state agency medical consultants failed to consider Plaintiff's carpal tunnel syndrome, that contention is unfounded. *See* ECF No. 18 at 13. Indeed, the assessments at both the initial and reconsideration levels explicitly refer to Plaintiff's medical documentation and allegations of carpal tunnel syndrome, hand numbness, arthritis, among others, and also explicitly assess Plaintiff's carpal tunnel syndrome as non-severe. Tr. 882–885, 910–912.

hearing, which asserts that she has problems with her hands. ECF No. 18 at 11–12. While Plaintiff's subjective complaints tend to support her position, they stand in contrast to the substantial evidence that the ALJ relied on in forming the RFC. Therefore, Plaintiff's emphasis on her own subjective complaints and lack of challenge to the objective evidence relied on by the ALJ is nothing more than an invitation to reweigh the evidence, something outside of the court's purview. *See Candelaria v. Comm'r of Soc. Sec.*, No. CV 19-1303, 2021 WL 9098265, *2 (D.P.R. Jan. 21, 2021) ("[W]eighing the evidence is the ALJ's prerogative."). Accordingly, the ALJ's assessment of Plaintiff's carpal tunnel syndrome was supported by substantial evidence.[3]

### B. Plaintiff has failed to show prejudicial error concerning the ALJ's assessment of Plaintiff's asthma.

Plaintiff attacks the ALJ's RFC assessment of her asthma on several grounds. First, Plaintiff contends that the ALJ erred by misrepresenting Plaintiff's medication regiment and thus failed to consider the cumulative medication's side effects. ECF No. 18 at 16–17. Generally, when considering a claimant's symptoms to determine its intensity, persistence, and limiting effects, the ALJ will consider, among other things the "type, dosage, effectiveness, and side effects of any medication [being] taken to alleviate . . . pain or other symptoms." 20 C.F.R. § 404.159; SSR 16-3p, 2017 WL 5180304, at *7–8. However, "[a]n ALJ is not required to provide a complete written evaluation of each piece of evidence, including the side effects of medication." *Stephanie N. v. Saul*, No. 419CV04122SLDJEH, 2020 WL 6710421, at *5 (C.D. Ill. Nov. 16, 2020) (citing *Labonne v. Astrue*, 341 F. App'x 220, 226 (7th Cir. 2009); SSR 16-3p,

---

[3] At the hearing, while posing hypotheticals to the VE, the ALJ included a manipulative limitation, specifically that a "person can frequently do gross and fine manipulation." Tr. 430. Plaintiff takes issue with this question because that same limitation was not included in the ALJ's RFC in the final decision. ECF No. 18 at 9. This concern, however, does not amount to reversible error because, as detailed above, substantial evidence supports the conclusion that no manipulative limitations were warranted.

8

2017 WL 5180304, at *5 (noting that not all types of evidence described in the SSR "will be available or relevant in every case").

Plaintiff contends that the ALJ's discussion regarding her asthma medications are misleading because it omits that she was prescribed Cetirizine, Famotidine, Hydroxyzine, and Fluticasone. ECF No. 18 at 16. While Plaintiff's point is well-taken in that the ALJ's discussion explains only how Plaintiff was prescribed Albuterol, Flovent, Advair, and Prednisone to treat her asthma, Plaintiff fails to show how this omission equates to prejudicial error. Indeed, Plaintiff fails to point to anything in the record suggesting that her asthma medications produced side effects that would affect her ability to work. *Cf. Stephanie*, 2020 WL 6710421, at *5 (holding that ALJ did not err by failing to discuss the side effects of her medication because there was no evidence in the record suggesting that her medication caused side effects); *Arnold v. Saul*, No. 1:19-CV-151-HAB, 2020 WL 1983695, at *3 (N.D. Ind. Apr. 27, 2020) (finding that the ALJ did not err in failing to discuss the plaintiff's claimed side effects because "there [wa]s no medical evidence that any of the medications caused the claimed side effects," there was no "clinical finding" that her medications caused side effects, and she had "not identified how any of the claimed side effects impaired her ability to work"). Even so, Plaintiff points to her hearing testimony where she declares that her medication for depression makes her sleepy. ECF No. 18 at 17–18. This vague statement is not enough to find harmful error because it fails to apprise the court of whether Plaintiff's "sleepiness" would affect her ability to work or require greater functional limitations. *See Stephanie*, 2020 WL 6710421, at *5 ("And her statement at the hearing was vague and did not indicate whether she was unable to work due to the dizziness and drowsiness caused by her medications."); *Burns v. Barnhart*, 312 F.3d 113, 131 (3d Cir. 2002)

9

(finding that drowsiness is a typical side effect of medications and that it should not be viewed as disabling "unless the record references serious functional limitations").

Next, Plaintiff asserts that the ALJ's decision is deficient because the state agency consultant physicians' RFCs at the initial and reconsideration levels failed to consider examining Allergist Dr. Anardi Agosto's ("Dr. Agosto") treatment notes regarding her asthma. ECF No. 18 at 18. Said treatment notes, which are dated after the state agency consultants conducted their assessments, assert that a physical examination revealed no evidence of cardiorespiratory distress, no prominent lesions, hives or swelling. Tr. 345 (citing Tr. 858). Furthermore, Dr. Agosto assessed that Plaintiff's asthma was stable. Tr. 345 (citing Tr. 858). Ultimately, considering Plaintiff's allegations and other medical documentation regarding her asthma, the state agency consultants determined that Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, and other irritants. Tr. 889, 915–16. The court is unpersuaded that Dr. Agosto's treatment notes would have warranted greater limitations. Nonetheless, even if *arguendo* the inclusion of the treatment notes warranted greater limitations, this would still amount to harmless error. Indeed, the jobs presented by the VE to accommodate Plaintiff's limitations, that is, document preparer, finisher, and toy stuffer, have no exposure to extreme cold, extreme heat, wetness, humidity, and other environmental considerations.[4] *See* Finisher, DICOT 731.687-014; Stuffer, DICOT 731.685-014; Document Preparer, DICOT

---

[4] Plaintiff also claims that the ALJ erred because the environmental limitations in the ALJ's RFC are not identical to the environmental limitations in the state agency consultants' RFCs. ECF No. 18 at 19. Unlike the state agency consultants' RFCs, which have specific limitations regarding heat, cold, wetness, and humidity, the ALJ's RFC broadly states that Plaintiff should avoid concentrated exposure to pulmonary irritants. Tr. 342. Plaintiff's assertion cannot carry the day because state agency consultants' environmental limitations are reasonably encapsulated in the broad environmental limitation listed in the ALJ's RFC. Notwithstanding, even if they are not, the ALJ's failure to explicitly list those limitations in the formal decision would be harmless because the jobs presented by the VE do not have any specific concerns of exposure to extreme heat, cold, wetness, and humidity.

249.587-018. Accordingly, Plaintiff has failed to show prejudicial error in the ALJ's assessment of her asthma.

### C. The ALJ did not err in assessing Plaintiff's right shoulder.

Plaintiff contends that the ALJ's RFC assessment is flawed because it does not have a limitation concerning her right shoulder. ECF No. 18 at 19. In supporting this contention, Plaintiff points to a sliver of evidence regarding a shoulder problem: her testimony expressing that she has received arthritis treatment in her right shoulder which has not helped and that she has difficulties raising her arm. ECF No. 18 at 19 (citing Tr. 422, 427).

As a preliminary matter, Plaintiff fails to explain how the ALJ's limitation of sedentary work, which limits her to lifting no more than 10 pounds at a time, does not adequately account for her alleged shoulder problem. Additionally, the ALJ did not ignore Plaintiff's allegations. Indeed, the ALJ explicitly addressed Plaintiff's allegations of pain in her right shoulder in the decision. Tr. 343. However, the ALJ concluded that her allegations were not entirely consistent with the objective medical evidence. Tr. 343. Here, the ALJ noted that Plaintiff's physical exams, save for a generalized aches and pains, were normal. Tr. 344. Plaintiff does not dispute or challenge these findings. Moreover, the record indicates that Plaintiff had normal muscle tone, bulk, and strength in her upper extremities and that she had full range of motion in her shoulder. Tr. 746–47, 753. Thus, the ALJ did not err by not including an additional shoulder limitation in the RFC.

### D. The ALJ did not err in assessing Plaintiff's walking and standing limitations.

Plaintiff claims that the ALJ erred in the RFC assessment because it does not include any limitations regarding walking, standing, sitting. ECF No. 18 at 19. That, however, does not ring true because the ALJ limited Plaintiff to sedentary work as defined in 20 C.F.R. § 404.1567(a).

"Jobs are sedentary if walking and standing are required occasionally . . ." *Id.* Occasionally in this context means that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, *5 (S.S.A. 1983). Hence, the ALJ did not err.

### E.  The ALJ did not err in assessing Plaintiff's mental RFC.

Plaintiff argues that the ALJ erred in the mental RFC assessment by failing to include a limitation for interacting with supervisors and coworkers. ECF No. 18 at 19. Although the ALJ's RFC assessment includes a limitation for interacting occasionally with the public, the ALJ did not explicitly include a limitation for interacting with supervisors or coworkers. Tr. 342. To further her argument, Plaintiff emphasizes the ALJ's decision at step three where the ALJ concluded that Plaintiff had moderate limitations in all four areas of mental functioning (i.e., the Paragraph B functional areas), which includes "interacting with others." ECF No. 18 at 20 (citing 341). Thus, Plaintiff contends that the ALJ's failure to incorporate a limitation with interacting with coworkers and supervisors in the RFC was error.

This contention is untenable for several reasons. First, the ALJ explicitly noted in her decision that the moderate limitations identified in the Paragraph B functional areas are not an RFC assessment. Tr. 342. Second, Plaintiff fails cite to any record evidence supporting her position that she warrants limitations in interacting with supervisors or coworkers. Contrary to Plaintiff's contention, the record evidence shows that the ALJ's decision to exclude a limitation concerning Plaintiff's ability to interact with coworkers and supervisors was supported by substantial evidence.

Here, the record shows that Plaintiff reported spending time with others and had no problem getting along with family, friends, and other people. Tr. 341, 479–481. Importantly,

Plaintiff declared that she had no problems getting along with authority figures such as supervisors and has never been terminated from a job because of problems relating to getting along with others. Tr. 481. Furthermore, in basing her decision, the ALJ noted Plaintiff's mental examinations from 2018 and 2020 that displayed good insight and judgment notwithstanding Plaintiff's anxiety. Tr. 346, 675, 730–31, 756. Similarly, Plaintiff's mental examination in May 2021 yielded results within the normal range. Tr. 346, 835. Finally, in making their independent RFCs at the initial and reconsideration levels, to which the ALJ relied on, the state agency consultants concluded that Plaintiff had no significant limitations in dealing with supervisors or coworkers. Tr. 347, 891, 918. The evidence detailed above reasonably supports the ALJ's decision to exclude a limitation relating to Plaintiff's ability to interact with coworkers and supervisors. In sum, said decision was supported by substantial evidence.

### V.  CONCLUSION

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence and contained no error warranting remand. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of September, 2024.

s/Marcos E. López<br>
U.S. Magistrate Judge